IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| JAMES E. STRONG, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:22-cv-00136-O-BP |
| | § | |
| UNITED PETROLEUM | § | |
| TRANSPORTS, INC., | § | |
| | § | |
| Defendant. | § | |

## ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

On August 5, 2022, Defendant filed its Motion to Dismiss Plaintiff's Third Complaint and Brief in Support (the "Motion to Dismiss") (ECF No. 33). After duly considering the Motion to Dismiss, the Magistrate Judge issued Findings, Conclusions, and a Recommendation (ECF No. 53), filed October 28, 2022. The Magistrate Judge recommended that this Court should grant in part and deny in part the Motion to Dismiss. On November 11, 2022, Defendant timely filed a Limited Objection (ECF No. 58) addressing the scope of Plaintiff's 42 U.S.C. § 1981 claims. Plaintiff filed his Reply to Defendant's Limited Objection (ECF No. 59) on December 2, 2022. Accordingly, the Motion to Dismiss and the Magistrate Judge's Recommendation are ripe for the Court's review.

After reviewing all relevant matters of record in this case, including the Findings, Conclusions, and Recommendation of the United States Magistrate Judge and any objections thereto, in accordance with 28 U.S.C. § 636(b)(1), the undersigned District Judge believes that the Findings and Conclusions of the Magistrate Judge are correct, and they are accepted as the Findings and Conclusions of the Court. In response to the Defendant's Limited Objection, and to

promote the just, speedy, and inexpensive resolution of this case, the Court explains its reasoning below.

As background, the Court begins by recounting the relevant facts of Plaintiff James Strong's claims. Plaintiff worked for Defendant United Petroleum Transports ("UPT") from September 2013 until he was fired on August 2, 2018.[1] During his employment, Plaintiff alleges that he endured discrimination because of his race and retaliation for reporting his negative experiences, including when he was subjected to a December 2017 suspension without pay.[2] Defendant then filed this lawsuit on February 22, 2022.[3]

When compiling his Findings, Conclusions, and Recommendation, the Magistrate Judge liberally construed Plaintiff's pleadings—as is required for pro se plaintiffs—and he found that Plaintiff had articulated a claim for racial discrimination and retaliation under 42 U.S.C. § 1981. The Magistrate Judge also correctly identified that a four-year statute of limitations would apply to any claims that Plaintiff brings under § 1981.[4] Since Plaintiff filed this suit on February 22, 2022, the four-year statute of limitations means that any § 1981 claims which accrued before February 22, 2018 would be time-barred. But because Plaintiff was fired on August 2, 2018, his § 1981 claims relating to wrongful termination are still available.

Defendant objects to the Magistrate Judge's Recommendation in order to clarify whether "Mr. Strong's termination is the *only* adverse employment action pleaded under Section 1981 that survives dismissal."[5] Defendant evidently seeks this clarification because Plaintiff's Second Amended Complaint contains many other allegations of wrongdoing on the part of UPT, some of

---

[1] Pl.'s Second Am. Compl. ¶ 8, ECF No. 30; Pl.'s Questionnaire 1, ECF No. 46.
[2] Pl.'s Second Am. Compl. ¶¶ 24–27, ECF No. 30.
[3] Pl.'s Compl., ECF No. 1.
[4] *See* Findings, Conclusions, and Recommendation 11–12, ECF No. 53.
[5] Def.'s Limited Obj. 2, ECF No. 58 (emphasis original).

which may rise to the level of compensable adverse employment actions. Most notably, Plaintiff contends that he was wrongfully suspended without pay in December of 2017, which would generally be regarded as an independent adverse employment action. *See, e.g.*, *LeMaire v. Louisiana Dep't of Transp. & Dev.*, 480 F.3d 383, 390 (5th Cir. 2007) (holding that a two-day suspension without pay is an adverse employment action).

To resolve any ambiguity, whatever § 1981 claims that Plaintiff could have once brought in response to the December 2017 wrongful suspension would now be time barred due to the aforementioned four-year statute of limitations. Moreover, the Court further concludes that the statute of limitations should not be equitably tolled in this instance, for the same reasons that the Magistrate Judge declined to equitably toll the statutory requirements for Plaintiff Strong's Title VII and Chapter 21 claims.[6] And insofar as Plaintiff alleged other undated independent adverse employment actions, the Court concludes that any such claims should be properly dismissed given that they have not been pleaded with the requisite specificity. Therefore, the Court now holds that Mr. Strong's August 2, 2018 termination is the only adverse employment action pleaded under 42 U.S.C. § 1981 that survives dismissal.

One further issue deserves the Court's attention. In his Reply, Plaintiff expresses a desire to use the various allegations in his pleadings in order to prove his surviving claims, and he states a concern that he may be prevented from doing so. Given the colloquial—and often equivocal—usage of "claims" in the English language, Plaintiff's confusion regarding the legal distinction between causes of action and supporting evidence is understandable. So to reduce any unnecessary vagueness, the Court notes that Plaintiff Strong may use facts and allegations in his pleadings as

---

[6] *See* Findings, Conclusions, and Recommendation 9–11, ECF No. 53.

evidence to prove his surviving causes of action, provided that he complies with the applicable Federal Rules of Evidence and any subsequent orders of this Court or the Magistrate Judge.

For the benefit of the Magistrate Judge, the Defendant, and the pro se Plaintiff, the Court summarizes its holding in the following simple terms:

- Plaintiff Strong's August 2, 2018 termination is the only § 1981 cause of action that survives dismissal.
- Plaintiff Strong may use facts and allegations from his pleadings as evidence to prove that he was wrongfully terminated due to racial discrimination or retaliation.

Accordingly, it is **ORDERED** that the Motion to Dismiss (ECF No. 33) is **GRANTED in part and DENIED in part**. Plaintiff's claims under Title VII of the Civil Rights Act of 1964, Chapter 21 of the Texas Labor Code, and the never-enacted Private Sector Whistleblower Protection Streamlining Act are **DISMISSED WITHOUT PREJUDICE**. The Motion to Dismiss is **DENIED** as to Plaintiff's claims of racial discrimination and retaliation under 42 U.S.C. § 1981 arising from his allegedly wrongful August 2, 2018 termination.

**SO ORDERED** on this **17th day** of **January, 2023**.

Reed O'Connor
**UNITED STATES DISTRICT JUDGE**

4