## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | |
|---|---|
| JAMES STRONG, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.: 4:22-CV-00136-O-BP |
| | ) |
| UNITED PETROLEUM- | ) |
| TRANSPORTS, INC, | ) |
| | ) |
| Defendant. | ) |

### DEFENDANT'S MOTION FOR SANCTIONS UNDER FRCP 11

United Petroleum Transports, Inc. ("UPT") hereby requests that this Court impose sanctions upon Plaintiff James Strong under Fed. R. Civ. P. 11, for the filing of Exhibit I to, and related argument on pages 3 and 4 of, ECF No. 97. The exhibit contains falsified and misleading information purporting to be a statement by counsel as to Defendant's position about the pending litigation and the reasons for Plaintiff's termination. Mr. Strong knew at the time of filing that the statements were *not* statements made by UPT counsel; thus, his attachment of the document and his argument in reliance thereon violates Fed. R. Civ. P. 11.

### PROCEDURAL HISTORY

On May 2, 2022, the Court required the parties to engage in a Scheduling Conference that covered various topics, including the nature and basis of the parties' claims and defenses (ECF No. 21.) The Court also required the parties to prepare a joint report to be filed by June 6, 2022, that included "a brief statement of the claims and defenses" (*Id.*). To facilitate the call, counsel for Defendant submitted a draft

1

joint status report, which included the following as part of Defendant's position: *"Defendant UPT contends that the complained-of actions were taken for legitimate, non-discriminatory business reasons, namely, safety, as Mr. Strong had a history of ongoing safety violations and had been warned that future violations would lead to termination."* Ex. 1, May 23, 2022, CCave email to JStrong & attachment, ¶1, Appx. 1-6.  After the call and discussion, counsel modified the joint status report; however, the language quoted above was unchanged.  Ex. 2, May 25, 2022, CCave email to JStrong & attachment ¶1, Appx. 7-15.

Late in the evening the night of the filing deadline,[1] Mr. Strong submitted his revisions to the draft submitted by counsel on May 25, 2022. In that version, Mr. Strong had modified the language to read: *"Defendant UPT contends that the complained-of actions were taken for legitimate, non-discriminatory, business reasons, namely, safety, as Mr. Strong had a history of reporting ongoing safety violations and had been warned that any future complaints of violations would lead to harassment, retaliation, and ultimately him being subject to termination."* Ex. 3, Decl. of ZMagbegor & Att. A, June 6, 2022, JStrong version of proposed JSR, Appx. 16-25. Mr. Strong did not alert counsel to any changes to Defendant's portion of the report; however, the changes were discovered during counsel's final review and counsel removed the modified (and inaccurate) language and replaced it with Defendant's original statement of position before filing. *Id.* The Joint Report and Discovery Plan

---

[1] Mr. Strong's first attempt to submit his revisions was time-stamped 8:06 p m. Counsel was unable to open the document (it was sent via Google Docs) and it took a bit of troubleshooting to even get the document.

2

("JSR") filed by the parties contained the correct (and original) language setting forth UPT's position statement (ECF No. 23 ¶1).

On September 27, 2022, upon further reviewing Mr. Strong's Complaint (ECF No. 30) the Court found that additional information would help rule on then-pending UPT's Motion to Dismiss (ECF Nos. 33-34). The Court attached a questionnaire for Mr. Strong's response, seeking factual information only. On October 6, 2022, Mr. Strong filed two documents with the Court, including his Answers to the Court's Questionnaire (ECF No. 46) and a copy of a revised version of the parties' statement of claims and defenses portion of a Joint Status Report (ECF No. 45). Mr. Strong signed the verification certificate under penalty of perjury and attached it to the JSR (*Id.*).

On October 11, 2022, Counsel immediately notified the undersigned that the document filed as ECF No. 45 needed to be withdrawn because of the offending statement and that, if he failed to do so, counsel would seek relief pursuant to Fed. R. Civ. P. 11. Counsel conferred with Mr. Strong and Mr. Strong thereafter withdrew the document (ECF No. 52).

However, on May 30, 2023, Mr. Strong filed a document titled "Plaintiff's Responses to Discovery, Compliance" (ECF No. 97) with the Court in which he made the same offending statements and attached the pages from the falsified document. Again, Counsel immediately contacted him reminding him about the previous communication and requested that he withdraw the offending document and

argument as improper under Fed. R. Civ. P. 11. *See* Ex. 4, ZMagbegor May 31, 2023, email to JStrong, Appx. 26-38. Mr. Strong has failed to withdraw the document.

Consistent with Fed. R. Civ. P. 11(c), Defendant has complied with the service and timing requirements in seeking the proposed relief. Indeed, Mr. Strong was served on May 31, 2023, via mail (and a courtesy copy provided via email), a copy of the motion for sanctions describing the specific conduct to which UPT alleges violates Rule 11(b). *See* Ex. 3, Decl. of ZMagbegor; Ex. 4, ZMagbegor May 31, 2023, email to JStrong.

## ARGUMENT AND ANALYSIS

Rule 11's central purpose is to "deter baseless filings and curb abuses." *Business Guides, Inc. v. Chromatic Commcn's Enterprises, Inc.*, 498 U.S. 533, 554 (1991). Fed. R. Civ. P. applies to all papers submitted to the Court. Fed. R. Civ. P. 11(b). By submitting the paper to the Court, the party (or attorney, as applicable) is certifying that the paper is submitted for a proper purpose, that the legal contentions have merit, and the factual contentions (or denials) are supported with evidence. *Id.* Under the Rule, the submitting party has an obligation to have conducted a reasonable inquiry into each of the above matters before making the certification. Fed. R. Civ. P. 11(b) advisory committee's note (1993). When a paper is filed electronically through CM/ECF, it is deemed to have been signed by that person as long as the filing was authorized by that person and the paper includes that person's signature block. Fed. R. Civ. P. 5(d)(3)(C). A violation of any of the three obligations

identified above provides an independent basis for sanctions. *Whitehead v. Food Max of Mississippi, Inc.*, 332 F.3d 796, 803 (5th Cir. 2003).

    1. <u>Plaintiff James Strong has violated Fed. R. Civ. P. 11(b)</u>

Mr. Strong filed ECF No. 97 with the improper purpose of presenting *his* statement as to why he believed he was fired as to what Defendant "admitted" with respect to Mr. Strong's termination. Having been purportedly submitted in connection with discovery responses (which are improperly filed in the Court record), Plaintiff attempts to use this statement to support his claim.

A filing party must warrant that they are not submitting the filing for any improper purpose. Fed. R. Civ. P. 11(b)(1). Rule11(b) provides a non-exhaustive, illustrative list of improper purposes, including "harass[ment], [to] cause unnecessary delay, or needlessly increase the cost of litigation." *Id. See Amant v. Bernard,* 859 F.2d 379, 384 (5th Cir. 1998) (the list of improper purposes in Rule 11(b) are illustrative, not exhaustive). Submission of a false document to gain unfair advantage is an improper purpose. *Aoude v. Mobil Oil Corp.*, 892 F.2d 1115, 1118 (1st Cir. 1989). Similarly, submitting a paper to embarrass the other party or to simply promote oneself, are also improper purposes. *Whitehead*, 332 F.3d at 805. Of course, it stands without question that producing a document with intent to mislead the Court is improper. *Pope v. Fed. Exp. Corp.*, 974 F.2d 982, 983 (8th Cir. 1992).

At the time ECF No. 97 was filed, Mr. Strong knew that it was not a statement made by Defendant or Defendant's Counsel; submitting it as such is therefore a false statement of fact. When Mr. Strong sent his version of the JSR to Counsel in June

2022 late in the evening on the day it was to be filed, Counsel for Defendant reviewed it and noticed that Mr. Strong had made material changes to Defendant's brief statement of defenses which could prejudice Defendant in the litigation. The late submission of the proposed JSR by Mr. Strong to Counsel for Defendant, and its receipt by Counsel without comment or notation (and outside any of the provisions the parties had discussed being updated via his review), is suggestive that Mr. Strong may have hoped that there wouldn't be enough time to catch the edit he had made prior to the JSR being filed.  However, Counsel reviewed the revised JSR that night and noted the prejudicial language Mr. Strong had inserted in UPT's statement of defenses and replaced it with the original statement of Defendant's position before filing. (ECF No. 23). Mr. Strong received a copy of the actual document filed.[2]  *Even if* Mr. Strong did not realize at the time of the first filing that the statement was not one provided by Defendant (if, for example, the revision had been made by one of the non-lawyers he has admitted to receiving assistance from on this case),[3] he should have – as a reasonable inquiry- gone back to review the emails and attachments referenced in this documents before filing it a second time (as such were referenced in Rule 11 motion previously served on him but not ultimately filed).  He therefore failed to conduct a reasonable inquiry as to the truth of his representations before the Court in connection with his filing of ECF No. 97 and its Ex. I.

---

[2] When Mr. Strong filed this inaccurate document the first time and before withdrawing it, he alleged that the statement was in the copy filed in the Court record.  When counsel emailed a file-stamped copy of the document actually filed in the Court record, he accused counsel of having falsified it.

[3] Mr. Strong has admitted during his deposition from having received advice and assistance from two non-lawyers in connection with his pleadings and filings in this case. Of course, as mentioned in the following footnote, this would not relieve *him* of liability for their actions.

In fact, in addition to several emails and a conference in which Defendant repeatedly indicated that this was *not* a statement attributable to UPT, the issue has come up in prior briefings. In his response to UPT's Motion to Dismiss, Mr. Strong attempted to reference the prejudicial statement he had inserted in Defendant's portion of the JSR in his Response, seemingly not realizing that the language had been changed. (ECF No. 42). Although he referred to the statement as a "stunning admission", he accurately quoted the language from ECF No. 23. Counsel in her Reply points this out, once again making the point that the language that actually appeared in the Court record is *not* the language Mr. Strong submitted and that which is reflected in ECF No. 97. (ECF No. 42.)

After Mr. Strong first filed the document now attached as Ex. 1 and discussed/relied upon in ECF No. 97, he was confronted by counsel and eventually withdrew the improper document in ECF No. 52. His use of the same document and then reliance on it as part of a document that is filed with the Court *with knowledge of its factual inaccuracy* is a purposeful violation of the rule.

Mr. Strong is proceeding *pro se*, so it was Mr. Strong, as the party and the person filing the document, who did not conduct a reasonable inquiry into whether it was factually true to attribute that statement to Defendant (or Defendant's counsel).[4] Even if Mr. Strong was represented, the Fifth Circuit has held that non-signing

---

[4] This is true even if Mr. Strong was using a ghostwriter. In fact, the use of a ghostwriter may, itself, violate the spirit of Rule 11, subjecting both Mr. Strong and any ghostwriter to sanctions. *See Metron Neutraceuticals, LLC v. Cook*, 2021 WL 3139736, **2-3 (N.D. Ohio 2021). Several courts disapprove of the use of ghostwriters, treating the practice as a violation of Rule 11. See *In re Cash Media Systems, Inc.*, 326 B.R. 655, 673 (Bankr. S.D. Tex. 2005).

represented parties may be held responsible for violations of the rule by their attorneys. See *Topalian v. Ehrman*, 3 F.3d 931, 935 (5th Cir. 1993).

Mr. Strong has violated Rule 11(b) by submitting a paper for an improper purpose and including factual contentions about UPT's own position and defenses that are knowingly false. A reasonable inquiry into the Court record and reference to the original exchanges between the parties of the proposed JSR would have revealed the false nature of the allegations.

2. *Defendant is entitled to sanctions under Fed. R. Civ. P. 11(c)*

In determining the appropriate sanction for a violation of Rule 11(b), the Court must consider the purposes served by the imposition of sanctions and limit the sanctions imposed to that sufficient "to deter repetition of the conduct or comparable conduct by others similarly situation." Fed. R. Civ. P. 11(c)(4). The primary purpose of sanctions is to deter misconduct. *White v. Gen. Motors Corp.*, 908 F.2d 675, 684-87 (10th Cir. 1990).

In cases where the party has submitted falsified documents, courts have determined that the appropriate sanction is dismissal with prejudice. *King v. Fleming*, 889 F.3d 1140, 1154 (10th Cir. 2018). This is because the filer's conduct is an abuse of the judicial process. *Pope*, 974 F.2d at 984. Courts are therefore concerned that, without dismissal, a party may continue to abuse the judicial process with altered evidence, thus draining judicial resources. *King*, 889 F.3d at 1153.

Immediately after the false document was filed (on both occasions), Counsel for Defendant contacted Plaintiff via email notifying him that the document

contained misleading information and requested that Plaintiff withdraw the filing. In the past, Plaintiff has made claims about the document to be true and correct. Yet, he has never provided a full or final (file-stamped) version of the document showing signatures of Counsel that contains the (falsified) language. Counsel has sent Plaintiff the file-stamped copy of the JSR, demonstrating that the false statement was not made by Defendant, and yet, just a matter of months after having withdrawn the document the first time, Mr. Strong filed it again and relied upon it as a statement of Defendant in an argument he was presenting to the Court. Although counsel again requested that Mr. Strong withdraw the document and indicated that, if he did not, Defendant would be seeking sanctions, he failed to withdraw it.

On October 7, 2022, both attorneys for Defendant conferred with Plaintiff and requested that he withdraw the filing. He was reminded again about the consequences of filing false documents with the Court if the willfully altered JSR was not withdrawn by Plaintiff. During that conference, Plaintiff indicated that the document had been inadvertently filed, but insisted that the document was "from" counsel's "office" and the statements contained in it came from counsel. He refused to commit to withdrawing the document at the time. However, he later withdrew that filing. His refiling of the document in ECF No. 97 indicates that he still holds the same position and if not sanctioned, will continue to reference the falsified document during this litigation.

Mr. Strong's refusal to withdraw the paper, and his continued reference to and reliance on this document in discovery or other pleadings, indicates a greater level of

culpability; thus warranting a greater sanction. *King*, 899 F.3d at 1152-53 (litigants "doubling down" instead of withdrawing a forged document suggests deceit greater than the initial filing). The inserted statement in the document significantly prejudices Defendant in that it purports to admit liability for retaliation. Dismissal is an appropriate sanction where the opposing party is deeply prejudiced by the misconduct. *Id* at 1151. See also, *Ehrenhaus v. Reynolds*, 965 F.2d 916, 920 (10th Cir. 1992). Mr. Strong's conduct reflects a willful disregard for the judicial process, particularly because despite several warnings by Defendant's counsels, he persists in leaving the false statement on the record in hopes that it will prejudice Defendant.

Counsel for UPT seeks an appropriate sanction under Rule 11(c). Should the Court determine that dismissal with prejudice is not warranted (along with an award of attorneys' fees), counsel suggests that (a) striking the document, (b) requiring Mr. Strong to obtain counsel or, alternatively, requiring Mr. Strong to attend an educational program relevant to pro se litigants filing in federal court, and (c) an award of attorneys' fees to UPT would be an appropriate sanction.

## CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court impose sanctions against Mr. Strong pursuant to Fed. R. Civ. P. 11(b) & (c) and/or the Court's inherent authority.

Respectfully Submitted,

/s/ Zino Magbegor
Zino Magbegor, Bar No.: 24103871
Magbegor & Associates, PLLC
5851 Legacy Circle, Ste. 600

>Plano, TX 75024
>Phone: (469) 609-7850
>Fax:   (469) 899-2288
>Email: zino@magbegor.com
>
>and
>
>Christine Cave, OBA #19774
>Employers Legal Resource Center
>3500 S. Boulevard Suite 14-B
>Edmond, OK 73013
>Phone: (405) 702-9797
>Fax:   (405) 576-3956
>Email: ccave@okemployerlaw.com;
>mainoffice@okemployerlaw.com

## **CERTIFICATE OF CONFERENCE**

Pursuant to Local Rule 7.1(b), I hereby certify that counsel for UPT, Ms. Cave, has conferred with Plaintiff in good faith to resolve the issues outlined in this Motion, but the parties are unable to resolve the issues presented. The reasonable efforts made include the following:

Email communications between Ms. Cave and Mr. Strong On October 6, 2022.

Telephone conference between Ms. Cave, Ms. Magbegor and Mr. Strong held on October 7, 2022.

Email communications between Ms. Magbegor and Mr. Strong on May 31, 2023.

Email communications between Ms. Magbegor and Mr. Strong on June 21, 2023.

## **CERTIFICATE OF SERVICE**

On June 22, 2023, I electronically filed the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas. I hereby certify that I have served the document on all counsel and/or pro se parties of record in a manner authorized by Federal Rules of Civil Procedure 5 (b)(2).

>/s/ Zino Magbegor
>Zino Magbegor